JAMES N. BUTLER *et ux.* *vs.* CITY OF BANGOR.

Penobscot. Decided June 1, 1877.

*Way—defective. Exceptions. New trial.*

If one is injured by driving or falling into an excavation in one of the public streets of a city, which is left at night without being sufficiently lighted or guarded, a recovery may be had against the city, although the excavation was made by a company engaged in constructing the public water-works of the city.

A bill of exceptions, although signed by the presiding justice, will not be considered by the law court, unless signed by the excepting party or his counsel, as required by the R. S., c. 77, § 21.

Although a verdict for damages is large, and, as the court fears, too large, it will not be set aside on that ground, unless it is clearly excessive.

ON EXCEPTIONS AND MOTION.

CASE for personal injuries to plaintiff wife in the night time of August 30, 1875, from defective highway, an excavation in the street.

The evidence was that the husband and wife were in an open wagon, that he was driving, and thrown out when the horse stepped into the hole, and that his wife remained in the wagon from which the horse cleared himself; that she was much

wrenched and jarred, attacked with vomiting followed by severe special female troubles. The excavation was made by a company employed by the city to construct its water-works.

The verdict was for the plaintiffs for $4500, which the defendants moved to set aside as against evidence and excessive. The following bill of exceptions was allowed and signed by the presiding justice, but not signed by the defendants or their attorney.

"There was evidence tending to show that the place of the accident was sufficiently lighted by the gas-lights in the vicinity; and defendants offered to prove by Earnest C. Gibson, plaintiffs' witness, the boy employed by the Holly Manufacturing Company to hang lanterns, on cross-examination, that said company directed him not to hang lanterns at certain places, and then to prove by him that this place was one of the places where he was directed not to hang a lantern, and the reason, which evidence the court excluded.

"There was evidence also tending to show that the plaintiffs were not in the use of ordinary care; and to prove that fact, defendants offered William P. Wingate, as an expert to prove that a safe horse with a careful driver, driven at a fair speed, would not jump or throw a pole off in the manner disclosed by the evidence, which evidence the court excluded.

"To which rulings and exclusions the defendants except and pray that their exceptions may be allowed; and refer to the evidence in the case which is before the law court on motion for a new trial, to show its connection with *res gestæ*."

*T. W. Vose*, city solicitor, for the defendants.

*J. Varney*, for the plaintiffs.

*A. Sanborn*, for the Holly Manufacturing Company; vouched in.

WALTON, J. This is an action by husband and wife against the city of Bangor to recover for injuries to the wife occasioned by driving into an excavation in the street while riding in a carriage in the evening. The excavation was made by the company employed by the city to construct its water-works. The plaintiffs

claim that it was left without being sufficiently lighted or guarded. The jury found for the plaintiffs and assessed the damages at $4500. The case is before the law court on motion and exceptions. The exceptions, however, although signed by the presiding judge, do not appear to have been signed by the defendants, or their counsel, as required by law. R. S., c. 77, § 21. Nor has the learned counsel for the defendants pointed out to us any supposed error in the rulings therein reported. We therefore assume that the exceptions are not relied upon, and we shall not notice them further than to say that upon reading them no error occurs to us. Nor do we think the motion can be sustained. True, the verdict is large, we fear too large, but a careful examination of the evidence fails to satisfy us that in this, or in any other particular, it is so clearly wrong as to justify us in setting it aside.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.